UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
NELSON UDDIN, on behalf of himself and all other persons similarly situated,

Plaintiff,

-against-

PATRIZIA OF LONG ISLAND INC., PATRIZIA OF LONG ISLAND 2 LLC, PATRIZIA'S RESTAURANT GROUP LLC, FAMILY GROUP ENTERPRISES, INC., PATRIZIA'S OF MASPETH LLC, PATRIZIA'S OF 2ND AVENUE LLC, PATRIZIAS BROOKLYN LLC, PATRIZIAS OF STATEN ISLAND LLC, GIACOMO ALAIO and GENNARO ALAIO,

Defendants.
--------------------------------------------------------------------X

**COMPLAINT**

Plaintiff, NELSON UDDIN ("Plaintiff"), by and through his attorneys, the Romero Law Group PLLC, on behalf of himself and all other persons similarly situated, complaining of the Defendants, PATRIZIA OF LONG ISLAND INC., PATRIZIA OF LONG ISLAND 2 LLC, PATRIZIA'S RESTAURANT GROUP LLC, FAMILY GROUP ENTERPRISES, INC., PATRIZIA'S OF MASPETH LLC, PATRIZIA'S OF 2ND AVENUE LLC, PATRIZIAS BROOKLYN LLC, PATRIZIAS OF STATEN ISLAND LLC, GIACOMO ALAIO and GENNARO ALAIO (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Defendants are engaged in the restaurant business. Plaintiff performed non-exempt work for the Defendants. Plaintiff regularly worked more than 40 hours in a workweek but was not paid overtime at the rate of one and one-half times the regular rate of pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., ("FLSA").

2. Plaintiff brings this action under the FLSA on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, statutory interest, and reasonable attorneys' fees and costs incurred in this action.

3. Plaintiff also brings this action to recover unpaid minimum wages, overtime wages and spread-of-hours pay under the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("NYLL").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

7. Defendant, PATRIZIA OF LONG ISLAND INC., is a domestic business corporation doing business at Patrizia's of Hicksville at 1040 South Broadway, Hicksville, New York 11801.

8. Defendant, PATRIZIA OF LONG ISLAND 2 LLC, is a domestic limited liability company doing business as Patrizia's of Massapequa at 4915 Merrick Road, Massapequa Park, New York 11762.

9. Defendant, PATRIZIA'S RESTAURANT GROUP LLC, is a domestic limited liability company doing business as Patrizia's of Hauppauge at 358 Vanderbilt Motor Parkway, Hauppauge, New York 11788.

10. Defendant, FAMILY GROUP ENTERPRISES, INC., is a domestic business corporation doing business as Patrizia's at 35 Broadway, Brooklyn, New York 11249.

11. Defendant, PATRIZIA'S OF MASPETH LLC, is a domestic limited liability company doing business as Patrizia's of Maspeth at 69-35 Grand Ave, Flushing, New York 11378.

12. Defendant, PATRIZIA'S OF 2ND AVENUE LLC, is a domestic limited liability company doing business as Patrizia's of Manhattan at 462-466 2nd Ave, New York, New York 10016.

13. Defendant, PATRIZIAS BROOKLYN LLC, is a domestic limited liability company doing business as Patrizia's of Brooklyn, at 35 Broadway, Brooklyn, New York 11249.

14. Defendant, PATRIZIAS OF STATEN ISLAND LLC, is a domestic limited liability company doing business as Patrizia's of Staten Island at 462-466 2nd Ave, New York, New York 10016.

15. At all times relevant, Defendants are engaged in the restaurant business and are an "enterprise engaged in commerce" within the meaning of the FLSA in that they (1) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) have and have had annual gross volume of sales of not less than $500,000.00.

16. At all times relevant, Defendants have "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

17. Defendants' restaurant requires a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

18. Defendants operate or operated a number of restaurants under the trade name "Patrizia's" throughout New York at locations including 358 Vanderbilt Motor Parkway, Hauppauge, New York 11788; 1040 S Broadway, Hicksville, New York 11801; 462-466 2nd Avenue, New York, NY 10016; 69-35 Grand Avenue, Maspeth, NY 11378; 4913 Merrick Road, Massapequa Park, NY 11762; 183 Old Tappan Road, Old Tappan, NJ 07675; 28 Broad Street, Red Bank, NJ 07701; 1901 Emmons Avenue, Brooklyn, NY 11235; 4255 Amboy Road, Staten Island, NY 10308; 3883 East Tremont Avenue, Bronx, NY 10465; 35 Broadway, Brooklyn, NY 11249; and 4358 Katonah Avenue, Bronx, NY 10470 (collectively the "Restaurants").

19. Defendants operate the Restaurants as a single integrated enterprise, under the control of their owners, Defendants GIACOMO ALAIO and GENNARO ALAIO.

20. Defendant, GIACOMO ALAIO, is one of the two key principals and owner of all the corporate Defendants. Defendant, GIACOMO ALAIO, exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. Defendant, GIACOMO ALAIO, had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class Members.

21. Defendant, GENARO ALAIO, is one of the two key principals and owner of all the corporate Defendants. Defendant, GENARO ALAIO, exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. Defendant, GENARO ALAIO, had and exercised the power and authority to (i) fire and hire, (ii) determine

rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class Members.

22. Defendants' restaurants are engaged in related activities, share common ownership and have a common business purpose.

23. Defendants' restaurants share the same brand name with the same logo and are marketed jointly on a single common website. Defendants' restaurants' locations and hours of operation are exhibited on the website. Defendants' restaurants share a common "Contact Us" webpage on the Website, where the contact information of all locations are listed. On the same webpage, Defendants' restaurants share one common form where questions can be submitted about any one of Defendants' Restaurants. Defendants' restaurants' menus—which share similar dishes at similar prices—are exhibited on the Website. Defendants' restaurants offer their venues for private parties and events on the Website. Defendants' restaurants use the same brand and logo on their separate Facebook, Twitter, Instagram, and other social media accounts, and in some cases, they share one same account. Defendants' restaurants jointly sell one common gift card that is available for use at any of the Defendants' locations.

24. Defendants' restaurants regularly share and exchange non-exempt employees, who are interchangeable among the Restaurants. Defendants, on occasion, transfer employees between different locations based on their own business needs.

## STATEMENT OF FACTS

25. Plaintiff was employed by Defendants as a server at Patrizia's in Massapequa and Hicksville from in or about October 2022 until in or about April 2025.

26. Plaintiff performed non-exempt duties for the Defendants including serving food and beverages.

27. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek.

28. Plaintiff regularly worked from 4:00 p.m. until 12:00 a.m. Monday through Thursday, from 4:00 p.m. until 1:00 a.m. on Friday, and from 10:00 a.m. until 1:00 a.m. on Saturday. Plaintiff sometimes also worked a double shift on Sunday.

29. From in or about October 2022 until in or about April 2023, Defendants failed to pay Plaintiff any wages at all.

30. From in or about April 2023 until in or about April 2025, Defendants paid Plaintiff $30 per shift, regardless of the actual number of hours that he worked each workweek.

31. Defendants failed to pay Plaintiff overtime for hours worked after 40 hours per week at the rate of one and one-half times Plaintiff's regular rate of pay.

32. Defendants failed to pay Plaintiff at least the state minimum wage for all hours worked by Plaintiff each workweek.

33. Throughout his employment with Defendants, Plaintiff regularly worked more than 10 hours in a single day.

34. Defendants failed to pay Plaintiff spread-of-hours pay for each day in which the spread of hours exceeded 10 hours in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-1.6.

35. Defendants failed to provide Plaintiff upon hire with an accurate written notice of his rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.2 and NYLL § 195.

36. Defendants paid Plaintiff at a rate below the statutory minimum wage.

37. Defendants failed to provide Plaintiff with compliant written notice that they were claiming a tip credit toward the statutory minimum wage.

38. Defendants allowed non-tipped employees to participate in the tip pool.

39. Defendants required Plaintiff to perform a substantial amount of non-tipped work during his shifts, commonly in excess twenty percent of his time worked during his shifts and therefore in excess of the amount permitted for a tipped-rate employee by applicable law and regulations.

40. By way of example, Defendants required Plaintiff to perform the following non-tipped work for which he was paid at a reduced tipped rate, including, inter alia, cleaning the restaurant, wiping tables, removing chairs from tables, moving tables and furniture around the restaurant, setting up for parties and events, tearing down and resetting restaurant for service after parties and events, participating in the set up and preparation of the restaurant for service, and participating in closing procedures for the restaurant.

41. Defendants failed to accurately record the correct amount of tips received by Plaintiff and other tipped employees each workweek.

42. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.3 and NYLL § 195(3).

43. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by Labor Law § 195.

44. Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia,* the correct overtime rate of pay for hours worked in excess of 40 hours per workweek in violation of NYLL § 195(3).

45. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the NYLL, N.Y. Comp. Codes R. & Regs. 12 § 146-2.4.

46. Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

47. As a result, Plaintiff was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier. Plaintiff was unable to determine how much he had been underpaid throughout his employment. Plaintiff would have asserted his claim sooner if accurate statements had been provided.

48. Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

## COLLECTIVE ACTION ALLEGATIONS

49. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

50. Plaintiff brings FLSA claims on behalf of himself and all persons similarly situated who work or have worked in non-exempt tipped positions in the front of the house, such as severs,

waiters, waitresses, bussers, food runners, bartenders, who give their consent in writing to become plaintiffs and who performed duties such as bussing tables and serving food and beverage at any time during the three (3) years prior to the filing of their respective consent forms.

51. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

52. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all persons who are currently, or have been, employed by the Defendants in non-exempt tipped positions including, but not limited to, bussers, servers, waiters, waitresses, food runners, expediters and bartenders at any time during the three (3) years prior to the filing of their respective consent forms.

53. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**RULE 23 CLASS ACTION ALLEGATIONS**
**NEW YORK STATE LABOR LAW**

54. Plaintiff brings NYLL claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants in hourly-paid tipped positions at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

55. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

56. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in hourly-paid tipped positions at any time during the six (6) years prior to the filing of this Complaint.

57. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendants paid class members at a reduced tipped rate; whether Defendants provided written notice that they were taking a tip credit toward the statutory minimum wage; whether Defendants were entitled to take a tip credit toward the statutory minimum wage; whether class members

worked a day that exceeded 10 hours from start to finish; whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than ten hours in a single workday; whether Defendant's failure to pay spread-of-hours pay was done in good faith; whether Defendants failed to pay premium overtime pay at the rate of one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek; whether Defendants' failure to pay overtime was done in good faith; and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

58. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants paid Plaintiff at a reduced rate that fell below the statutory minimum wage, failed to pay Plaintiff spread-of-hours pay, failed to pay Plaintiff at least the state minimum wage for all hours worked each workweek and failed to pay Plaintiff overtime at the rate of one and one-half times the regular rate of pay for all hours worked after 40 hours in a single week. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

59. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

60. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

61. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

62. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

63. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**FLSA OVERTIME WAGES**

64. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and Collective Action Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

66. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

67. Plaintiff and Collective Action Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NYLL OVERTIME WAGES**

68. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of NYLL.

70. By Defendants' failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NYLL.

71. Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**NYLL MINIMUM WAGES**

72. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants willfully failed to pay Plaintiff and Class Members the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

74. Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to recover from Defendants unpaid minimum wage compensation, attorneys' fees, costs of this action, and interest as permitted by law.

75. Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to recover liquidated damages equal to the amount of these unpaid wages.

**FOURTH CLAIM FOR RELIEF**
**NYLL SPREAD OF HOURS**

76. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants willfully failed to pay Plaintiff and Class Members one additional hour's pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of in violation of N.Y.C.C.R. 12 § 146-1.6 and NYLL.

78. Plaintiff and Class Members are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## **FIFTH CLAIM FOR RELIEF**
## **NYLL WAGE NOTICE**

79. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants failed to provide Plaintiff and Class Members upon hire with accurate written notice of their rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.2 and NYLL § 195.

81. Plaintiff and Class Members are entitled to recover statutory damages from Defendants.

## **SIXTH CLAIM FOR RELIEF**
## **NYLL WAGE STATEMENTS**

82. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendants failed to furnish Plaintiff and Class Members with an accurate statement of their wages with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.3 and NYLL § 195(3).

84. Plaintiff and Class Members are entitled to recover statutory damages from Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

(i) Certification of this case as a collective action under 29 U.S.C. § 216(b);

(ii) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv) Designation of Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

(v) Unpaid minimum wages, overtime wages, spread of hours pay, liquidated damages, statutory damages and interest pursuant to NYLL § 198(1-a);

(vi) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(vii) All attorneys' fees and costs incurred in prosecuting these claims; and

(viii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
April 1, 2026

ROMERO LAW GROUP PLLC

By: */s/ Peter A. Romero*
________________________
Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiffs*